UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JACINTO SANCHEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>L. BIRD, Warden,<br><br>　　　　　Respondent. | No. 2:23-cv-01702-MCS-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On December 27, 2022, the United States District Court for the Northern District of California ("Northern District") received from Jacinto Sanchez ("Petitioner"), a state prisoner at Valley State Prison in Chowchilla, California, proceeding pro se, a request for the appointment of counsel to assist with the preparation of a habeas petition (Dkt. 1) and a declaration in support of an application to proceed in forma pauperis (Dkt. 2, "IFP Request"). On the same day, the Northern District sent Petitioner deficiency notices, informing him that the action was deficient because he did not file a habeas petition (Dkt. 4) and his IFP Request was deficient because he did not submit the proper form (Dkt. 5). Petitioner subsequently paid the filing fee. Dkt. 7.

On February 7, 2023, the assigned district judge in the Northern District denied Petitioner's request for appointment of counsel, denied as moot the IFP Request, and sua sponte granted Petitioner an extension of time to file a habeas petition. Dkt. 10. On March 2, 2023, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, purporting to challenge his 2004 conviction and sentence imposed by the Los Angeles County Superior Court in Case No. VA070524 (the "2004 Judgment"). Dkt. 11 ("Petition" or "Pet.") at 1. The matter was transferred to the Central District of California on March 7, 2023. Dkt. 12.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the Petition, finds it appears to suffer from several defects, and orders Petitioner to respond as set forth further below.

## II.
## PETITIONER'S CLAIMS

Petitioner characterizes his two claims as follows:

(1) "Equal Protection Clause of the Fourteenth Amendment Dueprocess." In support, he alleges "[a]ccording to S.B.1437, S.B.775 (2021-2022), and PC.Sec1170.95(a)(2) and (a)(3) When Read Together Support, Petitioner's Position," "the (Equal Protection Clause) of the Fourteen Amendment commands that no state shal deny any person within its jurisdiction the equal protection of the laws, 'which is essentially a direction that all persons similarly situated should be treated or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment' requirement to the United States Constitution and its equivalent in the California Constitution (Cal. Const, Art. 1, Sec15)."

(2) "Eighth Amendment Clause (cruel and unusual punishment)." In support, he alleges "Exibit(A) Minute Order and, jury trial never found guilty of murder, and posession of gund dueprocess both of the sentence should be vacate Plaintiff allege that he is incarcerated for a crime" and "instead, his rigts arise under the 'Due Process' Clause of the Eighth Amendment Plaintiffs allege that 'Sanchez' was incarserated for a crime . . . for which he had not been convicted[] the jury never find him of been the shooter and the courts are based their decisions on statement that the jury alredy heard at trial and decided not to find him guilty of murder." Pet. at 5, 7 (CM/ECF pagination).

Petitioner attaches over 450 pages of documents, including minute orders, letters from his attorney, opinions from other cases, portions of his clerk's and reporter's transcripts, and briefs and opinions regarding his request for resentencing under Cal. Penal Code § 1170.95, the purpose of which is not apparent. See Dkt. 11-1 to 11-6.

## III.
## DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for at least five reasons: (1) Petitioner has not submitted his Petition on the form habeas petition approved by the Central District of California; (2) Petitioner asserts two vague and conclusory claims; (3) one or both claims are barred as second or successive; (4) the Petition potentially raises non-cognizable claims; and (5) the Petition may be partially or entirely unexhausted.

**A.   Court-Approved Form**

First, the Petition was not submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas

petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. See Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to use the Court-approved form.

**B.      Vague and Conclusory Claims**

Second, Petitioner has not clearly set forth the grounds that plausibly suggest entitlement to relief. Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. See Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Here, the Petition vaguely references the Equal Protection Clause, Due Process Clause, and Eighth Amendment without providing any coherent explanation as to how these amendments are applicable in his case or any facts supporting his claims. Petitioner's vague allegations do not facially reflect the real possibility of federal constitutional error. As such, the Petition is subject to dismissal on this basis.

**C.      Second or Successive**

Third, to the extent Petitioner is challenging his 2004 Judgment, his Petition is barred as second or successive. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28,

United States Code, Section 2244(b) provides, in pertinent part, as follows:

>   (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>   (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>   (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Not all "[h]abeas petitions that are filed second-in-time are . . . second or successive." Clayton v. Biter, 868 F.3d 840, 843 (9th Cir. 2017). A petition is not second or successive "if the factual predicate for the claim accrued only after the time of the initial petition" or "if it is based on an intervening state court judgment . . . notwithstanding that the same claim . . . could have been

brought in the first petition." Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018) (citation omitted). "[A] habeas petition that challenges a new or intervening judgment is not a second or successive petition even where the intervening judgment left in place an earlier challenged conviction and sentence." Clayton, 868 F.3d at 843-44 (citation omitted). For instance, in Clayton, the Ninth Circuit found a habeas petition challenging the state court's denial of a resentencing petition under Cal. Penal Code § 1170.126 was not a second or successive petition because the denial of the resentencing petition "result[ed] in the entry of a new appealable order or judgment." 868 F.3d at 843-44.

On the other hand, if the second-in-time petition concerns the same judgment as that challenged in a prior federal habeas petition, the general prohibition on unauthorized second or successive petitions bars consideration of the second petition without prior authorization from the court of appeals. Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam). A petitioner's failure to obtain authorization from the appropriate appellate court before filing a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See id. 157; Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Here, it appears Petitioner is challenging his underlying 2004 Judgment, at least in part, as he lists his 2004 Judgment as the sentence he is challenging. See Pet. at 1. However, Petitioner previously challenged the same 2004 Judgment in a prior habeas corpus petition filed in this Court. See Sanchez v. Knowles, Case No. 2:07-cv-00479-JSL-VBK (C.D. Cal.) ("Prior Action").[1] On

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Petitioner's prior federal action. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court

November 27, 2007, the district court entered judgment in the Prior Action denying the petition on the merits and dismissing the Prior Action with prejudice. Prior Action, Dkt. 14, 16, 17. Petitioner did not file an appeal. See generally Prior Action. As such, to the extent Petitioner challenges the same 2004 Judgment that he challenged in the Prior Action, the Petition constitutes a successive petition. The fact that the state court denied Petitioner's Section 1170.95 resentencing petition between the denial of his last federal habeas petition and the filing of this one does not alter that result since the state court denied the resentencing petition in its entirety and did not disturb Petitioner's original judgment. See Dkt. 11-2 at 67-80 (CM/ECF pagination), 11-5 at 78 (CM/ECF pagination). See also Cole v. Sullivan, 480 F. Supp. 3d 1089, 1096-97 (C.D. Cal. 2020). As a result, Petitioner must obtain authorization from the Ninth Circuit before this Court can consider any claims challenging the 2004 Judgment. Because Petitioner has not presented, and this Court has not independently located, any documentation indicating he has obtained authorization to file a second or successive petition from the Ninth Circuit, the Court lacks jurisdiction to adjudicate claims challenging the 2004 Judgment.

**D.   Non-Cognizable Claims**

Fourth, to the extent Petitioner is challenging the recent denial of his state court resentencing petition, while such a challenge may not be successive, such a challenge is likely not cognizable on federal habeas review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). "[F]ederal courts have routinely held that challenges to denials of section 1170.95

---

Electronic Records]."); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding).

resentencing petitions 'pertain solely to the state court's interpretation and application of state sentencing law and therefore, are not cognizable' on federal habeas review." Price v. Santoro, 2023 WL 2355915, at *4 (C.D. Cal. Jan. 25, 2023) (quoting Cole, 480 F. Supp. 3d at 1097), accepted by 2023 WL 2352923 (C.D. Cal. Mar. 3, 2023); Issac v. Atchley, 2023 WL 2169104, at *2-3 (C.D. Cal. Jan. 24, 2023), accepted by 2023 WL 2167373 (C.D. Cal. Feb. 21, 2023); Carter v. Montgomery, 2021 WL 2044499, at *11 (C.D. Cal. Apr. 12, 2021), accepted by 2021 WL 2042723 (C.D. Cal. May 13, 2021); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2006) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). While a state court's misapplication of state law may rise to the level of a due process or Eighth Amendment violation in certain limited circumstances, Richmond v. Lewis, 506 U.S. 40, 50 (1992), Petitioner's cursory references to the Eighth and Fourteenth Amendments are insufficient to transform a state-law issue into a federal one. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified).

E.  **Exhaustion**

Finally, under 28 U.S.C. § 2254(b)(1), federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James, 24 F.3d at 24; Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As

8

a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, because Petitioner has not clearly set forth his claims, the Court makes no determination at this time as to whether those claims have been exhausted, but notes that, at a minimum, it appears any claim(s) based on the Equal Protection Clause or Eighth Amendment would be unexhausted as Petitioner did not raise any such claims in his recent petition for review to the California Supreme Court, which he attached to the Petition. See Dkt. 11-1 at 42-63 (CM/ECF pagination).

## IV.
## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above.

Alternatively, Petitioner may file an amended petition **within thirty (30) days of the date of this Order** to attempt to cure the above-referenced defects. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that he seeks to raise and answer all of the questions pertaining to each such claim. If Petitioner

contends that he exhausted his state remedies, he should list such filings in ¶¶ 4-6 of the habeas petition form. Petitioner should specify all of the grounds raised in such filings, along with the case number, the date of decision, and the result.

    Petitioner is cautioned that a failure to respond timely in compliance with this Order could result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: March 17, 2023

                              JOHN D. EARLY
                              United States Magistrate Judge